# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| HEE SOOK NAM | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-1132-S |
| | § | |
| TEX NET INC. et al. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Hoo Seek Nam's ("Plaintiff") Motion to Remand [ECF No. 7]. For the following reasons, the Court **DENIES** the Motion.

### I.  BACKGROUND

On April 15, 2020, Plaintiff filed this lawsuit in the 44th Judicial District Court of Dallas County, Texas. *See* Notice of Removal ¶ 1. In her Original Petition, Plaintiff seeks a declaratory judgment that all Defendants' claims asserted in a separate but related lawsuit are barred by the applicable statute of limitations. *See id.* Ex. A-2 ¶ 45. Defendants Tex Net, Inc. ("Tex Net"), Theresa Surh, Gene Surh, and Thomas Ryu[1] (collectively, "Removing Defendants") removed this action based on diversity, contending that Defendants Tex Tech Investment, LLC ("Tex Tech") and Dae Surh were improperly joined. *See id.* ¶¶ 8-26. The parties agree that Plaintiff is a citizen of Texas, Theresa Surh is a citizen of Virginia,[2] and Gene Surh is a citizen of California. *See id.* ¶¶ 13-15; *see also* Mot. Plaintiff argues, however, that complete diversity does not exist because (1) Tex Net is a Texas citizen and (2) Dae Surh and Tex Tech—both alleged citizens of Texas—

---

[1] While Defendant Thomas Ryu joined in the Notice of Removal, he has since been dismissed from the lawsuit. *See* Agreed Stip. of Dismissal.

[2] Plaintiff points to another court filing that states Theresa Surh resides in California. *See* Mot. 8. This is a distinction without a difference, however, as no one disputes Theresa Surh is not a citizen of Texas.

were properly joined. *See generally* Mot. Accordingly, Plaintiff filed the instant Motion to Remand on May 20, 2020, which is now ripe and pending before the Court.

## II.     LEGAL STANDARD

When a suit is removed on the basis of diversity, the removing defendants must establish by a preponderance of the evidence that (1) the amount in controversy exceeds $75,0000[3] and (2) "all persons on one side of the controversy [are] citizens of different states than all persons on the other side," *Nerium Int'l, LLC v. Burdick*, Civ. A. No. 3:16-CV-3545-D, 2017 WL 7596914, at *2 (N.D. Tex. Jan. 6, 2017) (citation omitted); *see also M&L Rose Enters., Inc. v. Milwaukee Cas. Ins.*, 3:14-CV-1739-P, 2015 WL 12731720, at *1 (N.D. Tex. Mar. 17, 2015) (citations omitted). Diversity of citizenship must exist when the suit is filed and at the time of removal. *See M&L Rose*, 2015 WL 12731720, at *1 (citing *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)). "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony, or live testimony concerning the facts underlying the citizenship of the parties." *Coury*, 85 F.3d at 249 (citing *Jones v. Landry*, 387 F.2d 102 (5th Cir. 1967)).

## III.     ANALYSIS

### A.     *Tex Net's Citizenship*

The Court first considers whether Tex Net is a Texas citizen and destroys complete diversity. A corporation is a citizen of both the state of its incorporation and wherever it has its principal place of business. 28 U.S.C. § 1332(c). The parties agree that Tex Net is incorporated

---

[3] Plaintiff does not contest that the amount in controversy exceeds $75,000. *See* Mot.

2

in Delaware and therefore is a citizen of Delaware.[4] *See* Resp. to Mot. to Remand ("Resp.") 8. The dispute, therefore, hinges on Tex Net's principal place of business. *Id.* at 9.

A corporation's principal place of business is its "nerve center" where "the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz*, 559 U.S. at 80-81. The parties disagree as to the identity and location of Tex Net's high level officers: Plaintiff claims she is the president and controls Tex Net from Texas, while the Removing Defendants contend that Theresa Surh is the president and controls Tex Net from Virginia. *See* Resp. 9. Both parties offer testimony to support their respective positions. *See* Not. of Removal Ex. A-2 at 28 ¶ 6; Defs.' App'x 1. Plaintiff's evidence includes several documents and correspondences that she signed in her capacity as "president" of Tex Net. *See* Not. of Removal Ex. A-2 at 21-61. Those documents are irrelevant, however, because they are dated between 2003 and 2005, and the Court's inquiry focuses only on Tex Net's citizenship at the time this case was filed and removed (April and May of 2020, respectively). *M&L Rose*, 2015 WL 12731720, at *1 (citing *Coury*, 85 F.3d at 249). The Removing Defendants' evidence consists of Tex Net's Delaware annual franchise tax reports for 2019 and 2020, which identify Theresa Surh as the president and sole director, and its 2019 certificate for revival its charter, which lists Theresa Surh as the president. *See* Defs.' App'x 3-7. The Court finds that the Removing Defendants' evidence shows, by a preponderance of the evidence, that Theresa Surh is the controlling officer of Tex Net.

Moreover, according to Theresa Surh's sworn declaration, she controls all of Tex Net's activities—such as maintaining Tex Net's charter and directing Tex Net's litigation in this matter and the related California lawsuit—from the state of Virginia. *See* Defs.' App'x 1-2; *see also*

---

[4] Tex Net was inactive for a period of time, but its charter was revived in October of 2019. *See* Defs.' App'x 7. Accordingly, the Court does not reach Plaintiff's argument regarding the citizenship of an inactive corporation. *See* Mot. 8.

*Hertz*, 559 U.S. at 80-81. Accordingly, the Court finds that Tex Net's principal place of business is in Virginia.[5] Tex Net, therefore, is a citizen of Delaware and Virginia, and does not destroy complete diversity.

### B. *Improper Joinder*

The Court now turns to whether Dae Surh and Tex Tech were improperly joined. The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Nerium*, 2017 WL 7596914, at *2 (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). "Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the nondiverse defendant in state court." *Id.* (quoting *Parsons v. Baylor Health Care Sys.*, Civ. A. No. 3:12-CV-4071-D, 2012 WL 5844188, at *2 (N.D. Tex. Nov. 19, 2012)). Under the second alternative—the one at issue in this case—the test for improper joinder is

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

*Id.* (quoting *Smallwood*, 385 F.3d at 573). When deciding whether a defendant has been improperly joined, a federal court applies the federal pleading standard. *See id.* (citations omitted). This standard requires the plaintiff to plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[5] Plaintiff points to another court filing where the Removing Defendants alleged that Tex Net's principal place of business was California rather than Virginia. *See* Mot. 8. State filings naming a principal place of business are not binding or determinative of subject matter jurisdiction, *see M&L Rose Enters.*, 2015 WL 12731720, at *3 (citing *Harris v. Black Clawson Co.*, 961 F.2d 547, 550 (5th Cir. 1992)), and this discrepancy is inconsequential, as neither a California nor a Virginia citizenship would destroy complete diversity.

4

Here, Plaintiff's only claims are for a declaratory judgment "that all of the [d]efendants' causes of action [in the California Suit] are barred by the statute of limitations . . . " and for injunctive relief restraining defendants "from prosecuting their State of California lawsuit . . . against [Plaintiff]." *See* Not. of Removal Ex. A-2. at 9. Neither Dae Surh nor Tex Tech are plaintiffs in the California lawsuit. *See id.* Ex. A-8 at 22. Therefore, the declaratory judgment sought by Plaintiff would not affect Dae Surh or Tex Tech, because they have not brought any causes of action that the Court would be declaring barred by the statute of limitations. Similarly, because they are not plaintiffs in the California lawsuit, an injunction preventing the prosecution of that specific lawsuit does not enjoin Dae Surh or Tex Tech in any way. Accordingly, there is no possibility of recovery by Plaintiff against Dae Surh[6] and Tex Tech in this action, *Nerium*, 2017 WL 7596914, at *2, and the Court finds these defendants are improperly joined.

## IV.  CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion to Remand.

**SO ORDERED.**

SIGNED July 15, 2020.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

---

[6] Additionally, Dae Surh is deceased, and therefore, it is the legal representative of his estate whose citizenship is relevant for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(2). Theresa Surh is the legal representative of Dae Surh's estate, and she is a citizen of Virginia. *See* Not. of Removal 4.

5